## KING & KENNEDY v. THE CITY OF DES MOINES, Appellant.

**Breach of Contract:** PROXIMATE DAMAGES. In an action, by a contractor with a city, for street work, to recover damages, caused by the stoppage of work under the contract, occasioned by delay on part of the city, the additional cost of materials and labor after work was resumed, is a proper element of damages.

**Parol Variance:** ORDINANCE. Parol evidence is admissible to show the extent of an admitted change of grade in a city street, for the purpose of showing the additional labor involved in the paving of the same, and it is not necessary to introduce the ordinance changing the grade.

**Instructions:** APPLICABILITY. Where the issue is, as to what work a payment made applies, and there is no issue of mistake, it should not be charged that acceptance estops plaintiff to recover, at all, unless there was a mutual mistake as to the amount due.

*Appeal from Polk District Court.*—Hon. W. F. Conrad, Judge.

WEDNESDAY, OCTOBER 21, 1896.

PLAINTIFFS' petition is in seven counts, each showing a contract with defendant city,—five of them for curbing, and one for paving parts of certain streets, and one for constructing an intersecting sewer on Eighteenth street. Plaintiffs ask to recover for extra work, caused by the defendant's changing the curb line and changing the grade of said streets in certain particulars, and for refusing to allow the plaintiffs to continue the work of paving, and of constructing said sewer. The defendant answered at considerable length, joining issue on each count. It is unnecessary that we state the issues in full. Those relating to the errors assigned and argued, will be found in the opinion. The case was tried to a jury, and a verdict and judgment rendered in favor of the plaintiffs. Defendant appeals.—*Affirmed.*

*J. K. Macomber* and *A. P. Chamberlain* for appellant.

*Cummins & Wright* for appellees.

GIVEN, J.—I. The fifth count of the petition is in two paragraphs; the first being for extra labor in grading Clinton avenue, rendered necessary before the paving contracted for could be done, because of the defendant's having changed the grade of said street after plaintiffs had commenced the work of paving the same. Defendant complains that the plaintiff King, was permitted to state, in testifying, that a change of grade had been made, and insists that the ordinance changing the grade was the

best evidence. There was no issue joined upon the allegation that a change of grade had been made, the defendant admitting this allegation in its answer. The testimony objected to was not as to the admitted fact that a change had been made, but as to the extent thereof, and of the labor caused thereby. There was no error in admitting this evidence.

II. The defendant, for defense to the claim for grading Clinton avenue, admits the removal of three hundred yards of earth by the plaintiffs, and alleges that the plaintiffs were paid sixty dollars therefor, in full. On the trial, plaintiffs admitted the receipt of the sixty dollars, but contended that it was received under protest, not in full for all grading on that street, and that it was for a particular part of the grading. Defendant asked an instruction,—which was refused, —to the effect that if, after this work was done, plaintiff presented a bill for extra grading, and the same was paid, "then you must find for defendant on the claim, unless you find a mutual mistake was made as to the amount due." There was no issue as to mutual mistake. The contention was whether the grading now claimed for is the same for which the sixty dollars was paid, and that question was properly submitted to the jury.

III. Plaintiff's claim under the sixth count of their petition is that, after they had entered upon the work of constructing said sewer under their contract, the defendant compelled the plaintiffs to cease work thereon, and refused to permit them to continue until the plaintiffs had, by judicial proceedings, secured an order restraining the defendant from interfering with the plaintiffs in the prosecution of said work, and that by reason of the interference the cost of the work and of the material was greatly enhanced. Defendant complains that, in support of this count, plaintiffs were permitted to introduce evidence

showing that they had contracted for brick for said sewer at six dollars and fifty cents per thousand, and that because of said interference they had to surrender said contract, and thereafter they had to pay eight dollars per thousand.   They also complain that plaintiffs were permitted to offer evidence tending to show that they had to pay higher wages for labor on said sewer after said suspension than they were paying at the time the work ceased.   It is urged that the damages thus resulting are too remote.   That such a consequence might follow defendant's act in causing plaintiffs to desist from the performance of the contract was surely within the contemplation of the parties.   We think the damages were not remote, but were the direct and proximate result of defendant's violation of its contract.   We find no error in the record prejudicial to the defendant, and the judgment of the district court is therefore AFFIRMED.